## C C C & ST L RY CO v PORTER

Ohio Appeals, 1st Dist, Hamilton Co

No 4190. Decided Feb 6, 1933

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for plaintiff in error.

Robert C. Porter, Cincinnati, for defendant in error.

ROSS, PJ.

Sec 12219, GC, provides as follows:

"When it satisfactorily appears to the court or judge that the parties interested cannot be personally notified, the court or judge shall appoint a competent attorney to examine the petition, and prepare and file cross-interrogatories to those contained therein. Witnesses shall be examined upon the interrogatories of the applicant, and on cross-interrogatories, where they are required to be prepared, and no other shall be propounded to them; nor shall any statement be received which is not responsive to some interrogatory. The attorney who files cross-interrogatories shall be allowed a reasonable fee therefor, to be taxed in the bill of costs."

Neither the defendant in error or any other attorney was appointed by the court.

It is the contention of the plaintiff in error that only an attorney so appointed would be entitled to compensation fixed by the court, to be assessed as part of the costs, and that the court committed error in fixing compensation for defendant in error and taxing same in the costs in this case.

In the ordinary suit costs are taxed against the unsuccessful litigant. This is an entirely different sort of a proceeding, almost ex parte. It is obvious, however, that sundry persons may be vitally interested in the testimony to be perpetuated, and in order to protect their interests cross-interrogatories may be required to be filed. The statute provides for the appointment of an attorney: "When it satisfactorily appears to the court or judge that the parties interested cannot be personally notified, * * *."

It is suggested that parties being compelled to employ an attorney to file cross-interrogatories should be recompensed for such disbursement. Such is not the case in ordinary litigation. Even where attorney's fees are allowed by statute, it is usual to allow the litigant a sum to defray his costs, a portion of which are fees to be paid his attorney.

In this section of the statute it will be noticed that: "The attorney" is to be paid. The payment is not an allowance of costs to the interested party. If such was the legislative intent, appropriate language could easily have been used. A careful reading of the statute causes us to conclude that "the attorney" appointed by the court to represent "the parties interested" who "cannot be personally notified," only can be allowed a fee to be taxed in the costs, and that parties who are or who can be personally notified if they employ counsel, cannot have such attorney's fees paid out of costs.

The statute evidently provides only for an attorney representing those interested parties who can not be notified, and whose interest the legislature seeks to protect through the appointment of an attorney by the court, and which attorney would receive no compensation under such appointment except in the manner prescribed. The legislature has a right to presume that counsel representing others notified would be or could be otherwise compensated.

The judgment of the Court of Common Pleas against the plaintiff in error, for attorney's fees and the order of the court taxing the same as costs in the proceeding to perpetuate testimony, is reversed and vacated, and judgment is entered here in favor of the plaintiff in error.

HAMILTON and CUSHING, JJ, concur.